# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40940
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 16, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIO VARGAS-HERNANDEZ,

Defendant-Appellant

..................................................

Consolidated With
Case No. 15-40968

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSIRIS BULOS-GONZALEZ,

Defendant-Appellant

No. 15-40940
Cons. w/ 15-40968 and 15-41020

……………………………………………

Consolidated With
Case No. 15-41020

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GUSTAVO MORALES-MANRIQUEZ,

Defendant-Appellant

———————————

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-253-1
USDC No. 7:14-CR-898-1
USDC No. 7:14-CR-253-2

———————————

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendants-Appellants Julio Vargas-Hernandez, Osiris Bulos-Gonzalez, and Gustavo Morales-Manriquez ("Appellants") pleaded guilty to hostage taking in violation of 18 U.S.C. § 1203. The district court sentenced each of them to 262 months of imprisonment. In this consolidated appeal, the Appellants contend that the district court clearly erred by increasing their offense levels because of the vulnerability of the victims. Additionally, Bulos-

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gonzalez maintains that the district court clearly erred by refusing to reduce his offense level based on his mitigating role in the offense.

We review the district court's interpretation and application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). "[T]he determination of whether a victim is vulnerable is a factual finding that the district court is best-suited to make." *United States v. Wilcox*, 631 F.3d 740, 753-54 (5th Cir. 2011). A factual finding is not clearly erroneous if it is plausible in light of the record as a whole. *Id.* at 753.

The district court's determinations that the victims in this case were vulnerable based on their illegal status and the pregnancy of one of the victims were not clearly erroneous and are entitled to due deference on appeal. *See United States v. Cedillo-Narvaez*, 761 F.3d 397, 403-04 (5th Cir. 2014); *Wilcox*, 631 F.3d at 753-54. Because the hostages constituted vulnerable victims, and because the vulnerability of the victims was not taken into account in the guideline for the underlying offense, the district court did not err by increasing the Appellants' offense levels by two pursuant to U.S.S.G. § 3A1.1(b)(1). *See Cedillo-Narvaez*, 761 F.3d at 404.

A sentencing court's denial of a mitigating role adjustment is a factual finding reviewed for clear error. *United States v. Fernandez*, 770 F.3d 340, 345 (5th Cir. 2014). A reduction under U.S.S.G. § 3B1.2 only applies when a defendant is "substantially less culpable than the average participant." *United States v. Villanueva*, 408 F.3d 193, 203-04 (5th Cir. 2005) (quoting § 3B1.2, comment. (n.3(A))). "It is not enough that a defendant does less than other participants; in order to qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity." *Id.* at 204 (internal quotation marks and citation omitted).

The district court's determination that Bulos-Gonzalez was equally culpable with the other defendants is plausible in light of the record as a whole. *See Wilcox*, 631 F.3d at 753. Bulos-Gonzalez's participation was not peripheral to the advancement of the criminal activity, so the district court did not err by denying his request for a mitigating role reduction. *See Villanueva*, 408 F.3d at 204.

AFFIRMED.